**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 02-1512

JOSE HUGO PELAEZ,

Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Boudin, <u>Chief Judge</u>,

Torruella and Lipez, <u>Circuit Judges</u>.

<u>Ronald L. Abramson</u> with whom <u>Abramson, Bailinson & O'Leary,
P.C.</u> was on brief for petitioner.
<u>Jennifer L. Lightbody</u>, with whom <u>Robert D. McCallum, Jr.</u>,
Assistant Attorney General, <u>Allen W. Hausman</u>, Senior Litigation
Counsel, and <u>Earle B. Wilson</u>, Attorney, Office of Immigration
Litigation, were on brief for respondent.

May 22, 2003

**LIPEZ, Circuit Judge**.  Jose Hugo Pelaez, a native and citizen of Colombia, petitions for relief from the denial of his claims for asylum under 8 U.S.C. § 1158(a), and for withholding of removal.  The Immigration Judge found that Pelaez had not demonstrated a well-founded fear of persecution justifying asylum.  The Board of Immigration Appeals affirmed the decision without opinion, in accordance with the Department of Justice's (DOJ) "streamlined" appellate review procedures.  Pelaez challenges both the Immigration Judge's denial of his asylum claim and the constitutionality of the DOJ's affirmance without opinion procedures.  We affirm.

## I. ASYLUM

To be eligible for asylum, Pelaez bears the burden of proving that he qualifies as a "refugee."  8 U.S.C. § 1158(b) (2003).  The Immigration and Nationality Act "defines a refugee as an alien who cannot or does not want to return to his home country 'because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'"  Manzoor v. United States Dep't of Justice, 254 F.3d 342, 346 (1st Cir. 2001) (quoting 8 U.S.C. § 1101(a)(42)(A) (2003)).  A petitioner can prove that he qualifies as a refugee in one of two ways: "(1) by demonstrating past persecution, thus creating a presumption of a well-founded fear of persecution; or (2) by demonstrating a well-founded fear of

persecution." Yatskin v. INS, 255 F.3d 5, 9 (1st Cir. 2001). We review a denial of a petition for asylum under a substantial evidence standard. Id. We will reverse a decision of the IJ or BIA only if "the record evidence would compel a reasonable factfinder to make a contrary determination." Aguilar-Solis v. INS, 168 F.3d 565, 569 (1st Cir. 1999).[1]

Before assessing the record evidence in this case, we must address Pelaez's suggestion in his brief and assertion at oral argument that the IJ "found that he did in fact suffer 'persecution' as a threshold matter." The government strongly disagrees with this contention, asserting that the IJ did not find that Pelaez suffered past persecution, and that, "in fact, Pelaez made no allegation of past persecution in his application for asylum or during his testimony before the Immigration Judge." The stakes in this disagreement are considerable. If the IJ had found that Pelaez demonstrated past persecution on the basis of political opinion, he would have established a presumption of a well-founded fear of persecution. Under INS regulations, this finding would then shift the burden of proof to the government, requiring it to prove by a preponderance of the evidence that the fear of

---

[1] "Ordinarily, Courts of Appeals review decisions of the [BIA], and not those of an IJ. When the BIA does not render its own opinion, however, and either defers [to] or adopts the opinion of the IJ, a Court of Appeals must then review the decision of the IJ." Albathani v. INS, 318 F.3d 365, 373 (1st Cir. 2003) (quoting Gao v. Ashcroft, 299 F.3d 266, 271 (3d Cir. 2002)) (alterations in original; internal quotation marks omitted).

persecution is not well-founded, either because "[t]here has been a fundamental change in circumstances" in the petitioner's home country, 8 C.F.R. § 208.13(b)(1)(i)(A), or because the petitioner "could avoid future persecution by relocating to another part" of his home country, 8 C.F.R. § 208.13(b)(1)(i)(B). Moreover, if the IJ had found that Pelaez suffered past persecution because of his political opinions, and then failed to allocate the burden of proof properly, that misallocation would have been a legal error. Manzoor, 254 F.3d at 348 (finding that "the BIA erred in allocating the burden of proof to Manzoor to show that the threat of persecution was country-wide").

We find nothing in the IJ's opinion that supports the claim that she made a finding of past persecution. Moreover, we agree with the government that Pelaez did not properly raise the issue of past persecution before the IJ. Indeed, there is only a single mention of "past persecution" in a closing statement Pelaez's attorney made to the IJ. Consequently, we will analyze Pelaez's claim before us only as one citing a well-founded fear of persecution. See Yatskin, 255 F.3d at 9 ("[A] reviewing court should judge the action of an administrative agency based only on reasoning provided by the agency.").

Before departing Colombia for the United States, Pelaez worked as the Chief Secretary of Planning for the city of Cartago. The Immigration Judge found this position to be a "political

-4-

patronage type of job," to which Pelaez was appointed because of his involvement with the Conservative Social Party. As Planning Secretary, Pelaez oversaw urban development projects and was responsible for the enforcement of property and zoning regulations. In June 1996, a colleague in the Planning Office was assassinated after he had received death threats. Shortly thereafter, Pelaez also began to receive threats at work and at his home. In his view, these threats came from local property developers and builders who were connected with the drug trade. In June 1998, Pelaez had a particularly heated meeting with a developer who implied that he was carrying a weapon. Only two months later, in August 1998, Pelaez traveled on business to Brazil, Chile, and Argentina. He returned to Colombia in September 1998, and remained there until May 1999, when he and his wife traveled to the U.S. on tourist visas. Pelaez filed his application for asylum in 2000.

Pelaez argues that he has a well-founded fear of persecution on the basis of political opinion because the threats he received resulted from his position as Secretary of Planning in Cartago -- a political job requiring him to further the political aims of the Mayor. Pelaez contends that his enforcement of zoning regulations, his role in drafting new property laws, and his willingness to root out corruption in the Planning office were political acts, engendering retribution by local property owners based on political opinion. Whether the performance of one's

governmental job can be deemed political opinion or imputed political opinion for the purpose of an asylum determination pursuant to 8 U.S.C. § 1158(a) is a difficult question that the IJ chose not to answer. Instead, she assumed arguendo that Pelaez had drawn the necessary nexus between the threats he received as a result of his government work and the threat of persecution on the basis of political opinion, and concluded that he still had not proven a "well-founded fear of persecution." We follow her lead on appeal.

"To prove a well-founded fear of persecution, the 'applicant's fear must be both genuine and objectively reasonable.'" Morales v. INS, 208 F.3d 323, 330 (1st Cir. 2000) (quoting Aguilar-Solis, 168 F.3d at 572). The IJ concluded that Pelaez's conduct before his arrival in the United States "undercut" his claim that he feared persecution if he were to return to Colombia. As noted, shortly after receiving a threatening visit from a developer, Pelaez traveled on business to three other countries in South America, but chose to return to Colombia after his business was concluded. The IJ found that Pelaez's voluntary return to Colombia and his failure to apply for asylum in any of the countries he visited on his business trip undermined his claim that he genuinely feared persecution at home. We agree.

The IJ also concluded that Pelaez "has not shown he could not relocate to another part of Colombia." Such ability to

-6-

relocate is a relevant consideration in determining whether a fear of persecution is well founded.  See 8 C.F.R. § 208.13(b)(2)(ii) ("An applicant does not have a well-founded fear of persecution if the applicant could avoid persecution by relocating to another part of the applicant's country of nationality . . . if under all the circumstances it would be reasonable to expect the applicant to do so.").  Pelaez testified that he has family living in other parts of Colombia.  The IJ also relied on the fact that Pelaez had "skills that would be useful to him in an urban center," and that "Colombia is a large country, and [Pelaez] is not sure that he could not relocate elsewhere."  These conclusions are supported by the evidence in the record.

As we have stated, a petitioner seeking reversal of a denial of asylum must show that "the evidence presented was so compelling that no reasonable fact-finder could fail to find that [he] was persecuted on the basis of political opinion or had a well-founded fear of such persecution." Morales, 208 F.3d at 331. The evidence in this case does not meet that standard.[2]

---

[2] Pelaez also applied for withholding of deportation, but because the burden of proof under that section is "more stringent than that for asylum, 'a petitioner unable to satisfy the asylum standard fails, a fortiori, to satisfy the former.'" Velasquez v. Ashcroft, 316 F.3d 31, 34 n.2 (quoting Alvarez-Flores v. INS, 909 F.2d 1, 4 (1st Cir. 1990)).  Therefore, we also affirm the IJ's denial of that claim.

## II. STREAMLINED APPEALS PROCESS

Pelaez also challenges the constitutionality of the recent amendments to the DOJ's regulations governing appeals to the BIA. See 8 C.F.R. § 3.1(a)(7) (2003). These regulations permit one member of the BIA to summarily affirm, without written opinion, a decision of an Immigration Judge. This same objection to the regulations was recently rejected in our circuit in Albathani, 318 F.3d at 375-79. There is nothing for us to add to that well-reasoned opinion.

AFFIRMED.